NO. 07-07-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 12, 2007
_____

JOSEPH MARTINDALE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2005-495,474; HON. DRUE FARMER, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Joseph Martindale (appellant) appeals his conviction for possessing marijuana. Via his sole issue, appellant contends the trial court erred by denying his motion to suppress. We affirm.

***Background***

The stop in question occurred around 2 a.m., when a local night club ceased its evenings operations. A number of police officers and other law enforcement personnel were in the area to direct traffic away from the establishment. The latter was a well-known

site of violence at closing time.  To minimize any potential for violence, the officers decided to direct the patrons from the parking lot down a particular street away from the area.  They also prevented them from returning by partially blocking other streets leading back to the bar with their squad cars.

During this ordeal, one of the officers encountered an individual with a firearm.  While that person was being arrested, a vehicle approached the curbside location where the officer and detainee stood.  Inside the vehicle sat appellant in the front passenger's seat smoking a "blunt", *i.e.* a cigar containing marijuana.  The officer making the aforementioned arrest smelled the odor of marijuana, looked for its source, and saw appellant with the blunt.  Upon discovering that he had been seen, appellant placed the blunt on the floorboard of the car.  At that point, the officer opened the car door to remove appellant.  As he did, the driver picked up the blunt and threw it out the window.  Soon thereafter, appellant attempted to flee the area on foot.

According to appellant, his seizure was the result of an unlawful roadblock.  Thus, he moved to suppress the fruit garnered from the stop.  The trial court denied the motion.

A roadblock becomes constitutionally relevant when the attendant restrictions on liberty give rise to a seizure.  *State v. Skiles*, 938 S.W.2d 447, 452 (Tex. Crim. App. 1997).  Here, the evidence appears of record indicating that the officers were at the scene not to stop those attempting to leave but rather to direct traffic, facilitate a safe departure from the scene, and question those who would not leave.  While means of ingress to the nightclub may have been blocked, a means of egress remained opened.  Moreover, testimony revealed that the delay in leaving arose not because effort was made to stop bar patrons but because of the congestion arising from numerous patrons attempting to leave

2

at the same time.  Given this ability of the patrons to drive from the scene without being subjected to detention, questioning, or forced identification by the police while they did so, the trial court had a factual basis upon which it could have reasonably concluded that any restrictions on liberty encountered by the bar patrons were not tantamount to a seizure.

Accordingly, we affirm the judgment of the trial court.

Per Curiam

Do not publish.